UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **AXIA PARTNERS, LP,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. _____ |
| § | |
| **CHICKEN SOUP FOR THE SOUL** § | |
| **ENTERTAINMENT, INC.,** § | |
| § | |
| Defendant. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff AXIA Partners, LP ("Plaintiff" or "AXIA") now files this Complaint against Defendant Chicken Soup for the Soul Entertainment, Inc. ("Defendant" or "CSSE"), seeking to enforce the parties' contractual obligations and recover its outstanding debt and would respectfully show as follows:

### I.   NATURE OF THE ACTION

1. AXIA, a limited partnership formed under the laws of the state of Texas, institutes this diversity action against CSSE, a corporation organized and existing under the laws of the state of Delaware, to enforce an agreement entered into by and between the parties relating to project consulting and/or direct hire services provided by AXIA to CSSE for which CSSE, despite reasonable demand, has failed and refused to remit payment. As a result of CSSE's breach of contract and failure to settle its account, AXIA has suffered damages and hereby asserts claims for breach of contract, suit on a sworn account, and attorneys' fees against CSSE.

### II.   PARTIES

2. AXIA is a Texas limited partnership with its principal place of business and headquarters located in Houston, Texas.

3.  Defendant CSSE is a Delaware corporation with its principal place of business located in Connecticut. CSSE may be served with process by serving its registered agent, Cogency Global, Inc. at 850 New Burton Road, Suite 201, Dover, Delaware 19904.

### III.  JURISDICTION AND VENUE

4.  The Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a), in that the amount in controversy exceeds $75,000, exclusive of interest and costs, and AXIA is a Texas limited partnership and CSSE is a Delaware corporation with its principal place of business located in Connecticut.

5.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to AXIA's claims in this civil action arose within the Southern District of Texas.

### IV.  FACTUAL ALLEGATIONS

6.  AXIA entered into a Master Services Agreement ("MSA") with CSSE dated May 3, 2022, wherein AXIA agreed to provide CSSE with specific project consulting or direct hire services on a contract basis including, *inter alia*, providing CSSE with "personnel with such educational and practical backgrounds to effectively advise and assist [CSSE with] certain internal and external projects." (A true and correct copy of the Master Services Agreement is attached as Exhibit 1.)

7.  In accordance with the terms of the MSA, the specific engagement scope and pricing for AXIA's project consulting and/or direct hire services provided to CSSE would be separately documented in Engagement Letters and/or Proposals. (Ex. 1.) Also, in conformity with the MSA, AXIA agreed to invoice CSSE on a weekly basis for all project consulting and direct hire services provided with "[p]ayment of the invoiced amounts . . . due net 30." (Ex. 1.) Further,

as to any undisputed balances thirty (30) days or more past due, CSSE agreed to pay, "interest at a rate of either a) one and one-half percent (1.5%) per month or (b) the highest rate permitted by law, whichever is lower." (*Id.*)

8.  Pursuant to the terms of the MSA, AXIA invoiced CSSE for its project consulting and direct hire services. Despite AXIA's proper accounting and demand for payment however, CSSE has failed and refused to remit payment for multiple outstanding invoices. The total amount owed by CSSE and now past due to AXIA is $320,917.50. This amount is reflected in the invoices attached as Exhibit 2 and is verified through the sworn Affidavit of Elizabeth Epler Jones, AXIA's representative, attached as Exhibit 3.

9.  CSSE has failed and refused to pay AXIA $320,917.50 for outstanding invoices reflecting the project consulting and/or direct hire services rendered, forcing AXIA to seek relief through court intervention. Accordingly, AXIA submits this Original Complaint seeking all outstanding invoiced amounts due and owing by CSSE to AXIA, and reflected on the invoices attached as Exhibit 2, along with the 1.5 % interest owed to AXIA on unpaid balances under the terms of the MSA.

## V. CONDITIONS PRECEDENT

10. All conditions precedent to AXIA's recovery have been performed, satisfied, or have occurred.

## VI. CAUSES OF ACTIONS

### COUNT I

### BREACH OF CONTRACT

11. AXIA realleges all facts set forth above and incorporates them by reference as if fully stated herein.

12. AXIA entered into the MSA with CSSE dated May 3, 2022, wherein CSSE agreed to pay for all project consulting and direct hire services rendered within a "net 30" payment term.

13. Despite the contractual requirement that AXIA's invoices for project consulting or direct hire services be paid within 30 days, CSSE has breached the MSA by failing and refusing to make payments on the outstanding invoices as required.

14. AXIA has presented this claim to CSSE in writing and demanded its legal fees in accordance with Tex. Civ. Prac. & Rem. Code § 38.001, but CSSE has failed to make payment as requested.

15. As a result of CSSE's breach of the MSA, and failure and refusal to render payment, AXIA has suffered damages in the amount of $320,917.50, an amount exceeding the jurisdictional limits of this Court. AXIA's damages are a natural, probable, and foreseeable consequence of CSSE's breach of the MSA.

## COUNT II

### SUIT ON A SWORN ACCOUNT

16. AXIA realleges all facts set forth above and incorporates them by reference as if fully stated herein.

17. AXIA provided project consulting and/or direct hire services to CSSE which CSSE accepted. The rates charged for the project consulting or direct hire services rendered were just and true because they were in accordance with the terms of the MSA entered into by and between AXIA and CSSE, and they were reasonable and customary for such services.

18. A systematic record of the parties' transactions was kept, and a complete accounting of the amounts invoiced and due and owing to AXIA by CSSE is attached as Exhibit

2 and incorporated by reference as if fully set forth herein. All lawful offsets, payments, and credits have been applied to the account.

19. Nonetheless, despite repeated demands, CSSE has failed and refused to settle the outstanding balance owed on the account to AXIA. As a result of CSSE's failure and refusal to pay, AXIA has been damaged in the amount of $320,917.50, an amount exceeding the jurisdictional limits of this Court.

## COUNT III

### ATTORNEY'S FEES

20. AXIA realleges all facts set forth above and incorporates them by reference as if fully stated herein.

21. As a result of CSSE's failure to timely pay AXIA all invoiced amounts due and owing for project consulting and direct hire services rendered, AXIA was forced to retain the undersigned to institute this action to protect its interests and recover its outstanding debt, and has incurred, and will continue to incur, attorneys' fees and costs.

22. AXIA is entitled to recover its reasonable attorneys' fees and costs incurred in pursuing this action, in accordance with Tex. Civ. Prac. & Rem. Code § 38.001 and other applicable law.

## JURY DEMAND

23. AXIA respectfully requests that this action be tried before a jury.

## PRAYER FOR RELIEF

WHEREFORE, for the preceding reasons, AXIA respectfully requests that this Court:

a. Enter a judgment in favor of AXIA and against CSSE;

b. Award AXIA actual damages in the amount of $320,917.50;

**Original Complaint Page | 5**

  c. Award AXIA all accrued interest at the rate of 1.5% on the unpaid and outstanding balances currently in the amount of $75,379.44;

  d. Award AXIA pre-judgment and post-judgment interest at the maximum interest rate allowable;

  e. Award AXIA its attorneys' fees and costs of suit; and

  f. Grant AXIA all other and further relief, in law and in equity, to which it may be justly entitled.

Dated: January 17, 2023.  Respectfully submitted,

/s/David M. Noll
David M. Noll (Attorney-in-Charge)
Texas Bar No. 24027575
Southern District of Texas Bar No. 30374
Email: david.noll@hnbllc.com
Kronsky Sherer (Of Counsel)
Texas Bar No. 24050867
Southern District of Texas Bar No. 628254
Email: kronsky.sherer@hnbllc.com
Stephanie A. Waller (Of Counsel)
Texas Bar No. 24047063
Southern District of Texas Bar No. 593575
Email: stephanie.waller@hnbllc.com
**HAGAN NOLL & BOYLE LLC**
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

**ATTORNEYS FOR PLAINTIFF**
**AXIA PARTNERS, LP**