UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **AXIA PARTNERS, LP,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | **CIVIL ACTION NO. 4:24-cv-00171** |
| § | |
| **CHICKEN SOUP FOR THE SOUL** § | |
| **ENTERTAINMENT, INC.,** § | |
| § | |
| § | |
| § | |
| Defendant. § | |

**PLAINTIFF AXIA PARTNERS, LP'S MOTION FOR SUMMARY JUDGMENT
AND MEMORANDUM OF LAW IN SUPPORT**

## **TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | NATURE AND STAGE OF THE PROCEEDINGS | 1 |
| II. | SUMMARY OF THE ARGUMENT | 2 |
| III. | STATEMENT OF THE ISSUES | 2 |
| IV. | SUMMARY JUDGMENT STANDARD | 3 |
| V. | STATEMENT OF UNDISPUTED MATERIAL FACTS | 4 |
| VI. | ARGUMENT AND AUTHORITIES | 5 |
| | A.   AXIA is Entitled to Summary Judgment on Its Breach of Contact Claim | 5 |
| | B.   AXIA is Entitled to Summary Judgment on Its Suit on Sworn Account Claim | 6 |
| | C.   AXIA is Entitled to Recover Its Attorneys' Fees Under Texas Law | 8 |
| VII. | CONCLUSION | 10 |

**TABLE OF AUTHORITIES**

**Cases**

*Adams v. H & H Meat Prods. Inc.*,
    41 S.W.3d 762 (Tex. App.—Corpus Christi 2001) ............................................................7

*Aristocles Enters., LLC v. KEU, Inc.*,
    2023 WL 8455039 (E.D. Tex. Dec. 5, 2023) ....................................................................9

*Coim USA Inc. v. Sjobrand Inc.*,
    663 F. Supp.3d 684 (N.D. Tex. 2023) .......................................................................... 8-9

*Conn Credit I, L.P. v. TF Loan Co III, L.L.C.*,
    903 F.3d 493 (5th Cir. 2018) ............................................................................................5

*Crawford v. Formosa Plastics Corp.*,
    234 F.3d 899 (5th Cir. 2000) ............................................................................................3

*Fontenot v. Upjohn Co.*,
    780 F.2d 1190 (5th Cir. 1986) ..........................................................................................3

*Greenwood 950, L.L.C. v. Chesapeake Louisiana, L.P.*,
    683 F.3d 666 (5th Cir. 2012) ............................................................................................4

*Hutton Commc'ns, Inc. v. Commc'n Infrastructure Corp.*,
    461 F. Supp.3d 400 (N.D. Tex. 2020) ..............................................................................6

*Kee v. City of Rowlett*,
    247 F.3d 206 (5th Cir. 2001) ............................................................................................3

*Kona Tech. Corp. v. S. Pac. Transp. Co.*,
    225 F.3d 595 (5th Cir. 2000) ............................................................................................8

*Little v. Liquid Air Corp.*,
    37 F.3d 1069 (5th Cir. 1994) ............................................................................................3

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986) ..................................................................................................... 3-4

*Noodlenet, LP v. The Proctor & Gamble Distrib., LLC*,
    2008 WL 11349984 (N.D. Tex. Nov. 11, 2008) ..............................................................6

*Rehabcare Grp. E., Inc. v. Madison Oak Mgmt., Inc.*,
    2017 WL 2999977 (W.D. Tex. Apr. 19, 2017) ................................................................6

*Robbins Hardwood Flooring, Inc. v. Bolick Distribs., Corp.*,
    2003 WL 21730142 (N.D. Tex. Mar. 18, 2003) ........................................................................8

*SM Energy Co. v. Smackco, Ltd.*,
    2012 WL 4760841 (S.D. Tex. Oct. 5, 2012) ..................................................................... 7-8

*Smith Int'l, Inc. v. Egle Grp., LLC*,
    490 F.3d 380 (5th Cir. 2007) ................................................................................................5

**<u>Rules</u>**

Fed. R. Civ. P. 56 ................................................................................................................1, 3

**<u>Statutes</u>**

Tex. Civ. Prac. & Rem. Code § 38.001 ....................................................................... 8-9

Tex. Civ. Prac. & Rem. Code § 38.002 ........................................................................9

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Plaintiff AXIA Partners, LP ("AXIA") moves for summary judgment on its claims for breach of contract, suit on sworn account, and attorneys' fees against Defendant Chicken Soup for the Soul Entertainment, Inc. ("CSSE") and would respectfully show as follows:

## I. NATURE AND STAGE OF THE PROCEEDINGS

AXIA, a Texas limited partnership, filed the underlying diversity action on January 17, 2024, against CSSE, a Delaware corporation with its principal place of business in Connecticut, to enforce an agreement entered into by the parties relating to project consulting and direct hire services provided by AXIA to CSSE for which CSSE, despite reasonable demand, failed and refused to remit payment. (Dkt. No. 1.) As a result of CSSE's breach of contract and failure to settle its account, AXIA asserts claims for breach of contract, suit on sworn account, and attorneys' fees against CSSE. (*Id.*) On February 15, 2024, CSSE filed an Unopposed Motion for Extension of Time to Respond to Plaintiff's Original Complaint seeking an extension until March 5, 2024, to file an answer or otherwise respond. (Dkt. No. 8.) On March 5, 2024, CSSE filed an unverified Answer failing to contest the validity of the parties' contract, its receipt of AXIA's services, or the accuracy of the account, underscoring the lack of any genuine dispute regarding the essential elements of AXIA's claims for breach of contract, and suit on sworn account. (Dkt. No. 10.) The initial pretrial and scheduling conference in this case is set for July 22, 2024. (Dkt. No. 4.) No other deadlines have been set.

AXIA now moves for summary judgment on its claims for breach of contract, suit on sworn account, and attorneys' fees as no genuine issue of material fact exists regarding its claims against CSSE, warranting summary judgment in AXIA's favor.

1

## II. <u>**SUMMARY OF THE ARGUMENT**</u>

AXIA is entitled to summary judgment on its breach of contract and suit on sworn account claims against CSSE. In its unverified Answer, CSSE admits several critical facts: CSSE admits that it entered into a contract with AXIA for consulting and direct hire services, accepted those services, was invoiced $320,917.50 by AXIA for those services, and has failed to make payment despite AXIA's repeated demands. (*See* Dkt. No. 10, ¶¶ 6-9, 12-13, 17-18.) CSSE's admissions establish the essential elements of AXIA's claims for breach of contract and suit on sworn account, leaving no material facts in dispute.

AXIA's summary judgment evidence further establishes a written contract for consulting and direct hire services, the provision and acceptance of such services by CSSE, and CSSE's non-payment. Additional record evidence suggests that AXIA and CSSE maintained an open account whereby CSSE made requests for certain consulting and direct hire services and AXIA provided such services before receiving payment. AXIA invoiced CSSE, detailing the consulting and direct hire services provided, the total number of hours expended, the billable rates charged, and applicable payment terms, and credited CSSE's account for all lawful payments and offsets. CSSE's admissions and the record evidence confirm the unpaid balance. Accordingly, this case is ripe for summary adjudication in AXIA's favor on its claims for breach of contract and suit on a sworn account. Given AXIA's entitlement to judgment as a matter of law on its substantive claims against CSSE, AXIA is also entitled to recover reasonable attorneys' fees incurred in pursuing this action to recover the outstanding debt, as mandated by Texas law.

## III. <u>**STATEMENT OF THE ISSUES**</u>

a) Whether AXIA is entitled to summary judgment on its breach of contract claim;

b) Whether AXIA is entitled to summary judgment on its suit on sworn account claim; and

2

    c) Whether AXIA is entitled to summary judgment on its claim for attorneys' fees.

## IV. <u>SUMMARY JUDGMENT STANDARD</u>

Federal Rule of Civil Procedure 56 authorizes a party to move for a summary judgment on each claim "on which summary judgment is sought." Fed. R. Civ. P. 56(a). A summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001) (quotations omitted). A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party. *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000).

The showing required on summary judgment depends on whether the moving party bears the burden of proof at trial. If the moving party "bears the burden of proof on an issue, either because [it] is the plaintiff or as a defendant, [it] is asserting an affirmative defense, [it] must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in [its] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). If the moving party does not bear the burden of proof, it may succeed on summary judgment "simply by disproving the existence of any essential element of the opposing party's . . . affirmative defense." *Id.*

The evidence is viewed in the light most favorable to the non-moving party with reasonable inferences drawn in that party's favor. *Crawford*, 234 F.3d at 902. However, hearsay, conclusory allegations, unsubstantiated assertions, and speculation may not be accepted as competent summary judgment evidence. Fed. R. Civ. P. 56(c); *see also, e.g., Little v. Liquid Air Corp.*, 37 F.3d 1069, 1975 (5th Cir. 1994) (noting that non-moving party's burden is "not satisfied with 'some metaphysical doubt as to the material facts'") (citing *Matsushita Elec. Indus. Co., Ltd. v.*

*Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Further, the interpretation of an unambiguous contract is a legal issue that may be decided on summary judgment. *See Greenwood 950, L.L.C. v. Chesapeake Louisiana, L.P.*, 683 F.3d 666, 668 (5th Cir. 2012).

V. **STATEMENT OF UNDISPUTED MATERIAL FACTS**

AXIA instituted this diversity action against CSSE to enforce an agreement entered into by the parties relating to project consulting and/or direct hire services provided by AXIA to CSSE for which CSSE, despite reasonable demand, has failed and refused to remit payment. (*See* Dkt. No. 1; *see also* Exhibit 1.) More specifically, AXIA entered into a Master Services Agreement ("MSA") with CSSE dated May 3, 2022, wherein AXIA agreed to provide CSSE with specific project consulting or direct hire services on a contract basis, including, *inter alia*, providing CSSE with "personnel with such educational and practical backgrounds to effectively advise and assist [CSSE] with, and conduct on behalf of [CSSE] certain internal and external projects . . . selected by [CSSE's] staff." (*Id.*) In accordance with the terms of the MSA, the specific engagement scope and pricing for AXIA's project consulting and direct hire services provided to CSSE would be separately documented in Engagement Letters and/or Proposals. (Ex. 1.) Also, in conformity with the MSA, AXIA agreed to invoice CSSE for all project consulting and direct hire services provided with "[p]ayment of the invoiced amounts . . . due net 30." (*Id.*) Further, as to any undisputed balances thirty (30) days or more past due, CSSE agreed to pay "interest at a rate of either (a) one and one-half percent (1.5%) per month or (b) the highest rate permitted by law, whichever is lower." (*Id.*)

Pursuant to the terms of the MSA, AXIA invoiced CSSE for its project consulting and direct hire services. (*See* Dkt. No. 1; *see also* Exs. 1-2.) Despite AXIA's proper accounting and demand for payment, CSSE failed and refused to remit payment for multiple outstanding invoices.

4

(*Id.*) The total principal amount owed by CSSE and past due to AXIA is $320,917.50. (*Id.*) This amount is reflected in the invoices attached as Exhibits 2A-2BB and is verified through the sworn Affidavit of Elizabeth Epler Jones, AXIA's representative, attached as Exhibit 3. In addition to the principal amount owed under the MSA, as of April 1, 2023, interest at a rate of 1.5% began accruing on balances 30 days overdue, which at the time of filing AXIA's Original Complaint totaled $75,379.44. (Dkt. No. 1; *see also* Exs. 1-3.) Such interest will continue to accrue until full payment is received. (*Id.*) As a result of CSSE's breach of contract and failure to settle its account, AXIA has suffered damages and hereby asserts claims for breach of contract, suit on sworn account, and attorneys' fees against CSSE.

VI.   **ARGUMENT AND AUTHORITIES**

    **A.  AXIA Is Entitled to Summary Judgment on Its Breach of Contract Claim**

To state a claim for breach of contract under Texas law, AXIA must allege "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Conn Credit I, L.P. v. TF Loan Co III, L.L.C.*, 903 F.3d 493, 499 - 500 (5th Cir. 2018) (quoting *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007)).

AXIA entered into a valid and binding contract with CSSE to provide project consulting and direct hire services to CSSE under the terms of the MSA dated May 3, 2022, wherein CSSE agreed to pay for all project consulting and direct hire services rendered by AXIA within a "net 30" payment term. (Ex. 1.) Both parties signed the MSA. (*Id.*) AXIA satisfied its obligations under the MSA by providing consulting and direct hire services to CSSE. (*See* Exs. 1-3.) AXIA also submitted invoices for its services as provided under the MSA. (*Id.*) Despite the contractual requirement that AXIA's invoices for project consulting or direct hire services be paid within 30 days, CSSE has breached the MSA by failing and refusing to make payments on the outstanding

5

invoices as required. (Dkt. No. 1, ¶¶ 7-14, Exs. 1-3.) AXIA has presented this claim to CSSE in writing, but CSSE has failed to make payment as requested. (*See* Exs. 2-4.)

As a result of CSSE's breach of the MSA, and failure and refusal to render payment, AXIA has suffered damages in the amount of $320,917.50 in unpaid invoices, plus accrued 1.5% interest on the unpaid balance in the amount of $77,390.53 (including $75,379.44 as of the date of AXIA's Original Complaint and an additional $2,011.09 through May 31, 2024) for a total outstanding balance of $398,308.03, along with attorneys' fees and costs. (Pl's Compl. ¶¶ 19-22, Exs. 2-3.) No genuine issue of material fact exists regarding AXIA's claim for breach of contract against CSSE, warranting summary judgment in AXIA's favor. Therefore, AXIA is entitled to summary judgment on its breach of contract claim. *See, e.g., Rehabcare Grp. E., Inc. v. Madison Oak Mgmt., Inc.*, No. SA-16-CV-00606-XR, 2017 WL 2999977, at *1 (W.D. Tex. Apr. 19, 2017) (granting summary judgment on breach of contract claim where the undisputed evidence established that plaintiff agreed to provide therapy services at defendant's care facility, defendant accepted and agreed to pay plaintiff for those services based on agreed rates and failed to pay for the therapy services provided); *see also Hutton Commc'ns, Inc. v. Commc'n Infrastructure Corp.*, 461 F. Supp.3d 400, 406 (N.D. Tex. 2020) (granting summary judgment on breach of contract claim in a commercial non-payment case where defendant accepted the goods, the invoices identified a "net 60" payment term, and defendant did not dispute that payment was due 60 days after its acceptance of the goods).

### B.  AXIA Is Entitled to Summary Judgment on Its Suit on Sworn Account Claim

Under Texas law, to allege a claim for suit on sworn account, AXIA must state: "(1) there was a sale and delivery of the merchandise or performance of the services; (2) the amount of the account is just, that is, that the prices were charged in accordance with an agreement, or in the absence of an agreement, they are usual, customary, and reasonable prices for that merchandise or

services; and (3) the amount is unpaid." *Noodlenet, LP v. The Proctor & Gamble Distrib., LLC*, Civil Action No. 3:08-CV-1121-K, 2008 WL 11349984, at *2 (N.D. Tex. Nov. 11, 2008) (citing *Adams v. H & H Meat Prods. Inc.*, 41 S.W.3d 762, 773 (Tex. App.—Corpus Christi 2001, no pet.)); *see also SM Energy Co. v. Smackco, Ltd.*, No. 11-CV-3028, 2012 WL 4760841, at *5 (S.D. Tex. Oct. 5, 2012) (reasoning that "[s]uit on an open account is a common law cause of action recognized in [Texas]" and "frequently pursued in federal court").

In this case, AXIA has established its claim for suit on sworn account as a matter of law. The undisputed evidence shows that AXIA and CSSE entered into a valid contract, namely the MSA, whereby AXIA agreed to provide certain project consulting and direct hire services to CSSE, which CSSE agreed to pay for and accepted. (*See* Dkt. No. 1, ¶¶ 6-19; Ex. 1.) The rates charged for the project consulting or direct hire services rendered were just and true because they were in accordance with the terms of the MSA entered into by AXIA and CSSE, and they were reasonable and customary for such services. (Dkt. No. 1, ¶¶ 7-17; Exs. 1 & 3.) A systematic record of the parties' transactions was kept, and a complete accounting of the amounts invoiced and due and owing to AXIA by CSSE is attached in the Appendix filed contemporaneously herewith as Exhibits 2A-2BB and incorporated by reference as if fully set forth herein. All lawful offsets, payments, and credits have been applied to the account. (*Id.*; Exs. 2-3.)

The invoices are authenticated by Elizabeth Epler Jones, an AXIA partner and individual with personal knowledge of AXIA's dealings with CSSE, including all outstanding amounts due and owing by CSSE to AXIA for the project consulting and direct hire services rendered. (Dkt. No. 1; *see also* Ex. 3.) CSSE does not dispute the validity of the parties' contract, its receipt of AXIA's services, or the accuracy of the account but has failed to pay AXIA for the services rendered. (*See* Dkt. No. 10, ¶¶ 6-9, 12-13, 17-18; *see also* Ex. 3.) The total amount outstanding to AXIA, after deducting all payments, credits, and lawful offsets, is $398,308.03, which includes

7

$320,917.50 in unpaid invoices, plus accrued 1.5% interest on the unpaid balance in the amount of $77,390.53 (including $75,379.44 as of the date of AXIA's Original Complaint and an additional $2,011.09 through May 31, 2024). (Dkt. No. 1; *see also* Exs. 2-3.) AXIA has thus alleged the requisite elements to establish a claim for suit on sworn account and is entitled to summary judgment on its claim. *See, e.g., Coim USA Inc. v. Sjobrand Inc.*, 663 F. Supp.3d 684, 690 (N.D. Tex. 2023) (finding plaintiff entitled to summary judgment on suit on sworn account claim where plaintiff sold and delivered goods to defendant, charged defendant for products through several invoices and despite acceptance, the invoiced amounts remained unpaid); *see also Robbins Hardwood Flooring, Inc. v. Bolick Distribs., Corp.*, No. CIV. 3:02-CV-1124-H, 2003 WL 21730142, at *4 (N.D. Tex. Mar. 18, 2003), *aff'd*, 79 F. App'x 81 (5th Cir. 2003) (granting summary judgment on suit on sworn account claim under Texas law where plaintiff submitted invoices detailing each transaction of goods delivered and an affidavit attesting that defendant had failed to pay for goods delivered despite its acceptance); *see also SM Energy Co.*, 2012 WL 4760841 at *5-6 (granting summary judgment on federal substantive claim for suit on sworn account where defendants did not dispute the accuracy of plaintiff's account or their failure to pay but suggested that a fact issue existed as to whether prices charged were just).

### C. AXIA Is Entitled to Recover Its Attorneys' Fees Under Texas Law

Pursuant to § 38.001 of the Texas Civil Practice and Remedies Code, AXIA is entitled to recover its reasonable and necessary attorneys' fees in cases like here, which involve claims for suit on "a sworn account" or "an oral or written contract." Tex. Civ. Prac. & Rem. Code §§ 38.001(7) and (8). While the actual attorney's fee award is discretionary, attorneys' fees are nevertheless mandatory under Texas law "[i]f a party prevails on [its] breach of contract claim and recovers damages." *Coim USA*, 663 F. Supp.3d at 690 (quoting *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 603-04 (5th Cir. 2000) (other citations omitted)). Texas Civil Practice

8

and Remedies Code § 38.002 explains the procedure necessary for the recovery of such fees. *See Coim USA*, 663 F. Supp.3d at 690 (quoting Tex. Civ. Prac. & Rem. Code § 38.002). Further, Rule 54(d) of the Federal Rules of Civil Procedure also provides for the recovery of costs to a prevailing party such as AXIA. *See* Fed. R. Civ. P. 54(d)(1) ("[C]osts—other than attorney's fees—should be allowed to the prevailing party").

AXIA has complied with all statutory prerequisites necessary to its recovery of reasonable and necessary attorneys' fees in this case. (*Id.*) AXIA retained legal counsel, who duly presented its claims to CSSE, including via demand letter dated December 21, 2023. (*See* Ex. 4.) Despite presentment, however, CSSE failed to pay the amount owed within 30 days of the date such claims were presented. (*Id.*; Dkt. No. 10.) Since AXIA is entitled to summary judgment on its breach of contract and suit on sworn account claims against CSSE, AXIA is also entitled to recover its reasonable attorneys' fees incurred in pursuing this action to recover the outstanding debt and hereby requests leave from this Honorable Court to submit evidence of its reasonable attorneys' fees incurred in pursuing this action. *See, e.g., Coim USA*, 663 F. Supp.3d at 690 (granting plaintiff's request for attorneys' fees under Tex. Civ. Prac. & Rem. Code § 38.001 upon finding that plaintiff prevailed on its breach of contract and suit on sworn account claims and was entitled to monetary damages and ordering plaintiff to "submit evidence to the Court of its reasonable attorney's fees in prosecuting [its] action"); *see also Aristocles Enters., LLC v. KEU, Inc.*, No. 6:23-CV-262-JDK, 2023 WL 8455039, at *4 (E.D. Tex. Dec. 5, 2023) (finding plaintiff was "entitled to recover reasonable attorneys' fees" under Tex. Civ. Prac. & Rem. Code § 38.001 since it prevailed on claims for breach of contract and suit on sworn account and was awarded damages).

## VII. CONCLUSION

The evidence in this case presents no genuine issue of material fact as to any element of AXIA's claims. For these reasons, Plaintiff AXIA Partners, LP respectfully requests that the Court grant its motion for summary judgment on all of its claims. AXIA requests that this Court enter summary judgment in its favor on its claims for breach of contract and suit on sworn account and find that it is entitled to recover $398,308.03, which includes $320,917.50 in unpaid invoices, plus accrued 1.5% interest on the unpaid balance in the amount of $77,390.53, from Defendant Chicken Soup for the Soul Entertainment, Inc, and award AXIA pre-judgment and post-judgment interest at the maximum interest rate allowable. Since summary judgment is warranted on its breach of contract and suit on sworn account claims, AXIA is also entitled to recover its reasonable attorneys' fees and costs from CSSE and request this Court's leave to submit evidence of the same.

Dated:  May 31, 2024.                                 Respectfully submitted,

/s/David M. Noll
David M. Noll (Attorney-in-Charge)
**HAGAN NOLL & BOYLE LLC**
Texas Bar No. 24027575
Southern District of Texas Bar No. 30374
Email: david.noll@hnbllc.com
Kronsky Sherer (Of Counsel)
Texas Bar No. 24050867
Southern District of Texas Bar No. 628254
Email: kronsky.sherer@hnbllc.com
Stephanie A. Waller (Of Counsel)
Texas Bar No. 24047063
Southern District of Texas Bar No. 593575
Email: stephanie.waller@hnbllc.com
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146
David M. Noll (Attorney-in-Charge)
**ATTORNEYS FOR PLAINTIFF
AXIA PARTNERS, LP**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was electronically filed with the clerk of the U.S. District Court, Southern District of Texas, by using the CM/ECF system, which will send a notice of electronic filing to registered users, including counsel of record:

C. Brannon Robertson
**Brannon Robertson Law Firm PLLC**
1800 St. James Place, Suite 105
Houston, Texas 77056

**Attorney for Defendant**

                                                    /s/ David M. Noll
                                                    David M. Noll